UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIDNEY C. DAVIS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>D.C. DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 25-cv-1895 (JMC) |

**MEMORANDUM OPINION**

Plaintiffs Sidney C. Davis and Wendell Poole, proceeding pro se, sued the District of Columbia Department of Corrections and various District and federal officials in the Superior Court of the District of Columbia. ECF 1-1 at 1–7. Federal Defendants removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1). ECF 1. Plaintiffs appear to challenge some sort of harm resulting from the December 2001 closure of Lorton Correctional Complex. *See* ECF 1-1 at 1. They allege that their claims impact "DC Code offenders currently housed in state prison facilities" who were "transferred during the closure of the Lorton Correctional Complex" in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id.* Plaintiffs also state that "[t]he Revitalization Act of 1977 has no mention of medical treatment to be provided for DC Code offenders." *Id.* at 2. Even affording Plaintiffs the "liberal constru[ction]" appropriate to pro se litigants, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court concludes that it lacks subject matter jurisdiction over their suit and must therefore remand the case to Superior Court.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v.*

1

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Indeed, federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and, therefore, have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for us to hear each dispute,'" *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)). "[S]ubject matter jurisdiction may not be waived, and . . . courts may raise the issue *sua sponte*." *NetworkIP, LLC*, 548 F.3d at 120 (quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982)). "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); *see* 28 U.S.C. § 1447(c).

Standing is an essential element of subject matter jurisdiction. "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Plaintiffs' complaint contains no factual allegations explaining how they have been concretely injured by Defendants' actions. Plaintiffs seem to allege that "DC Code offenders currently housed in state prison facilities" were harmed by the decision to close Lorton, but they do not say whether they are themselves D.C Code offenders who were injured by that decision. ECF 1-1 at 1. Nor do Plaintiffs state whether they have been personally affected in any other way by either the Lorton closure, the transfer of D.C. Code offenders in the wake of that closure, or the fact that the Revitalization Act does not provide for medical treatment for D.C. Code offenders. *See id.* at 1–2. Absent any allegations to suggest Plaintiffs have some "particularized stake in the litigation," this

suit presents "precisely the kind of undifferentiated, generalized grievance about the conduct of government" that federal courts may not hear. *Lance v. Coffman*, 549 U.S. 437, 442 (2007).

Because Plaintiffs have not alleged that they experienced or are experiencing a concrete, particularized injury, they lack Article III standing and cannot maintain this case in federal court. The Court must therefore remand this case to Superior Court pursuant to 28 U.S.C. 1447(c). *See Republic of Venezuela*, 287 F.3d at 196; *Nat'l Ass'n of Consumer Advocs. v. RentGrow, Inc.*, No. 24-cv-3218, 2025 WL 1429172, at *8 (D.D.C. May 16, 2025) (remanding for lack of standing); *Nat'l Ass'n of Consumer Advocs. v. Gemini Tr. Co., LLC*, 757 F. Supp. 3d 59, 61 (D.D.C. 2024) (same); *Brookens v. Am. Fed'n of Gov't Emps.*, 315 F. Supp. 3d 561, 570–71 (D.D.C. 2018) (remanding for lack of standing and explaining that 28 U.S.C. § 1447(c) contains no "futility exception" that would allow for dismissal rather than remand); *Sibley v. McConnell*, 139 F. Supp. 3d 194, 201–02 (D.D.C. 2015), *order vacated and appeal dismissed on other grounds*, No. 15-5295, 2017 WL 4848245 (D.C. Cir. June 23, 2017) (rejecting arguments that case should be dismissed rather than remanded where pro se plaintiff lacked standing).[1]

\* \* \*

For the foregoing reasons, this case is **REMANDED** to the Superior Court of the District of Columbia. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: June 24, 2025

---

[1] The Court notes several other deficiencies. First, although pro se litigants can represent themselves, they cannot represent others. *See Stoller v. Ocwen Fin. Corp.*, 140 F. Supp. 3d 80, 82 (D.D.C. 2015). That means that Mr. Davis cannot act as Mr. Poole's attorney in federal court, or Mr. Poole for Mr. Davis. *See id.* (explaining that one "pro se co-plaintiff" cannot represent another). Furthermore, in federal court, pro se plaintiffs who are not proceeding *in forma pauperis* are responsible for serving all defendants pursuant to Federal Rule of Civil Procedure 4(m). *See* ECF 3 (explaining that Plaintiffs failed to serve Federal Defendants and that there are three ways to effect service).